Filed 12/9/20  P. v. Hendricks CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C089406 |
| v. | (Super. Ct. No. 17FE001858) |
| DENNIS LEE HENDRICKS, | |
| Defendant and Appellant. | |

A jury convicted defendant Dennis Lee Hendricks of engaging in unlawful sexual intercourse with a person under the age of 16 years, and found true an allegation that he personally inflicted great bodily injury upon the victim.  Defendant now claims there is

1

insufficient evidence to support the great bodily injury finding. Because substantial evidence supports the jury finding, we will affirm the judgment.

BACKGROUND

Defendant began sexually abusing the 15-year-old victim in 2016. He had ingratiated himself with the victim's family and eventually drove her to events. Several days after her 15th birthday, defendant gave the victim a ride to a band performance. While driving her home, defendant parked and asked the victim to get in the back seat of the car. She complied and defendant had intercourse with her. He told her she could not tell anyone what happened.

Defendant had sexual intercourse with the victim on more than five other occasions. She testified the second occasion was possibly a few weeks after the first occasion. During summer camp the victim began to sense she was pregnant because she had morning sickness and her body was changing. Defendant had intercourse with her that Fall, but they stopped in November 2016, about a month before a doctor confirmed she was pregnant and she told her mother.

During the pregnancy the victim experienced anxiety and post-traumatic stress disorder. She had panic attacks and she was scared and in pain. In 2017 she gave birth to a baby girl. A detective collected DNA samples from the victim, her baby, and defendant.

Criminalist Joy Viray, an expert on paternity and DNA, developed DNA profiles and opined it is over two trillion times more likely that defendant is the biological father of the victim's baby than a random unknown man. She said the probability of paternity is at least 99.99 percent.

The People charged defendant in counts one and two with engaging in unlawful sexual intercourse with a person under the age of 16 years. (Pen. Code, § 261.5,

2

subd. (d).)[1]  It was further alleged as to both counts that defendant personally inflicted great bodily injury.  (§ 12022.7, subd. (a).)

The trial court instructed the jury with CALCRIM No. 3160 as follows: "Committing the crime of Unlawful Sexual Intercourse is not by itself the infliction of great bodily injury.  [¶]  If you find the defendant guilty of the charge set forth in Count 1 and/or Count 2, and if you determine that as a result of that unlawful sexual intercourse with a minor, the minor . . . became pregnant by the defendant, you must determine if the People have proved the allegation of Great Bodily Injury."

The jury found defendant guilty on both counts and found true the great bodily injury allegation.  The trial court sentenced defendant to an aggregate prison term of seven years, consisting of the following:  the middle term of three years on count one, a consecutive one year (one-third the middle term) on count two, and a consecutive three years for the great bodily injury enhancement.

## DISCUSSION

Defendant claims there is insufficient evidence to support the great bodily injury finding.  He acknowledges that a pregnancy resulting from unlawful activity can support a finding of great bodily injury, but he argues the jury convicted him of two particular instances of underage sex -- the first occasion and the last occasion -- and there is no evidence the victim became pregnant on those occasions rather than on one of the other occasions defendant had intercourse with her.

### A

In reviewing a claim of insufficient evidence, we view the record in the light most favorable to the judgment, resolving all conflicts in the evidence and drawing all reasonable inferences to support the conviction.  (*People v. Campbell* (1994) 25 Cal.App.4th 402, 408.)  " 'We may conclude that there is no substantial evidence in

---

[1]  Undesignated statutory references are to the Penal Code.

3

support of conviction only if it can be said that on the evidence presented no reasonable fact finder could find the defendant guilty on the theory presented.' " (*Ibid.*)  We do not reweigh the evidence or substitute our judgment for that of the jury.  (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206.)  "In assessing the sufficiency of the evidence, we review the entire record to determine whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt.  [Citation.]  'The record must disclose substantial evidence to support the verdict -- i.e., evidence that is reasonable, credible, and of solid value -- such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.'  [Citation.]"  (*People v. Paz* (2017) 10 Cal.App.5th 1023, 1039, italics omitted.)

Section 12022.7 provides in pertinent part:  "(a) Any person who personally inflicts great bodily injury on any person other than an accomplice in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for three years.  [¶]  . . .  [¶]  (f) As used in this section, 'great bodily injury' means a significant or substantial physical injury."  There is no question that pregnancy resulting from unlawful sexual intercourse constitutes great bodily injury:  "A pregnancy resulting from a rape (and, in this case, a resulting abortion) are not injuries necessarily incidental to an act of rape.  The bodily injury involved in a pregnancy . . . is significant and substantial.  Pregnancy cannot be termed a trivial, insignificant matter.  It amounts to significant and substantial bodily injury or damage.  It involves more than the psychological and emotional distress necessarily incident to a rape . . . ."  (*People v. Sargent* (1978) 86 Cal.App.3d 148, 151.)  Whether a victim's pregnancy constituted great bodily injury is a question of fact for the jury to decide.  (*People v. Meneses* (2011) 193 Cal.App.4th 1087, 1091.)

B

Defendant argues the prosecutor implicitly encouraged the jury to find great bodily injury based on evidence that the victim became pregnant at some point, rather

4

than on evidence that she became pregnant during one of the charged acts. He cites *People v. Cross* (2008) 45 Cal.4th 58, which in turn cites *People v. Clair* (1992) 2 Cal.4th 629. But as in *Clair* (*id.* at p. 664), defendant has not asserted prosecutorial misconduct and he did not request an admonition in the trial court. In any event, defendant has not established that the jury was misled. The trial court gave the jury correct and proper instructions, and we must assume the jury followed them. CALCRIM No. 3160 provided a correct statement of the law and told the jury that if it found defendant guilty of the charges in counts 1 and/or 2, and if it determined that as a result of those offenses the victim became pregnant, then it must determine whether the People had proved great bodily injury. Moreover, the trial court instructed that the jury alone judged the credibility or believability of witnesses (CALCRIM No. 226) and that the jury was tasked with resolving conflicts in the evidence by deciding which evidence to believe (CALCRIM No. 302).

Defendant's sole contention is one of insufficient evidence. Defendant and the victim first had unprotected intercourse on May 13, 2016. This was one of the charged acts. The victim testified that the second occasion was "a while" after the first occasion, possibly a few weeks. She gave birth on February 12, 2017, almost exactly nine months after the first instance of intercourse. The baby was born near the due date. From this evidence, a rational jury could have properly concluded that defendant impregnated the victim during the first charged act. While it may be possible that defendant impregnated the victim on a subsequent occasion weeks later, we will not substitute our judgment for that of the jury. (See *People v. Ochoa, supra*, 6 Cal.4th at p. 1206 [When two or more inferences can reasonably be deduced from the facts, a reviewing court is without power to substitute its deductions for those of the trier of fact.].)

Viewed in the light most favorable to the judgment, substantial evidence and reasonable inferences support the jury's finding of great bodily injury. (*People v. Jones* (1990) 51 Cal.3d 294, 314 [it is the exclusive province of the jury to determine the truth

5

or falsity of the facts on which a determination depends].)  Defendant's contention lacks merit.

DISPOSITION

The judgment is affirmed.

_____/S/_____
MAURO, J.

We concur:

_____/S/_____
BLEASE, Acting P. J.

_____/S/_____
DUARTE, J.